UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAUL CAMACHO,

                Plaintiff,

-against-

ESS-A-BAGEL INC., ESS-A-BAGEL 1 INC., ESS-A-BAGEL INTERNATIONAL LLC, MICHAEL WENZELBERG, DAVID WILPON, MURIEL FROST, MELANIE FROST, and ESTATE OF FLORENCE WILPON,

                Defendants.

**ECF Case**

**No. 14-cv-2592 (LAK)(MHD)**

---

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Raul Camacho, on behalf of himself and all of his heirs, executors, administrators, attorneys, and assigns (collectively, "Plaintiff") and Ess-A-Bagel Inc., on its own behalf, on behalf of its present and former directors, officers, partners, employees, representatives, agents, attorneys, trustees, executors, administrators, owners, and insurers, and on behalf of all of their parents, subsidiaries, affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys, including without limitation, Ess-A-Bagel 1 Inc., Ess-A-Bagel International LLC, Michael Wenzelberg, David Wilpon, Muriel Frost, Melanie Frost, and the Estate of Florence Wilpon, (collectively "Defendants" and with Plaintiff, the "Parties") hereby agree upon this Settlement Agreement and Release ("Agreement") as a resolution of all issues involved herein as follows:

    1.    **Preliminary Matters.** Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, Cilenti & Cooper, PLLC, and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement, and has had the opportunity to consider their advice with respect to the foregoing and following Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms.

    2.    **No Admission of Liability.** The Parties hereto recognize and agree that Defendants, do not admit, and expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the Complaint styled Camacho v. Ess-A-Bagel, Inc., et al., Civil Action No. 14-cv-2592, filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit, or which otherwise involve Plaintiff's employment relationship with Defendants and the separation or termination of Plaintiff's employment relationship. Neither this Agreement, nor its terms, will be admissible in any proceeding other than in a proceeding for breach of the terms of this Agreement as set forth herein.

3.  **Dismissal of Pending Action.** For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action; (2) not to re-file the causes of action asserted in the Pending Action; and (3) not to institute any action against any Defendants in any court or other forum based on the allegations of wage and hour violations based on facts existing prior to the date of this Agreement. The Parties expressly authorize their counsel to execute the Stipulation of Discontinuance set forth in Exhibit A attached hereto and to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and the Court shall only retain jurisdiction to enforce the terms of this Agreement.

4.  **Consideration.** Defendants agree to pay Plaintiff and their attorneys the total sum of Forty-Three Thousand Dollars ($43,000.00) as set forth in Section 7 below (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below. The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees and costs and liquidated damages. Further, Plaintiff agrees that he has no entitlement to any wages, compensation, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Defendants, except as specifically provided in this Settlement Agreement.

5.  **Wage & Hour Release by Plaintiff.** In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, the Wage Theft Prevention Act, the New York Hospitality Wage Order, and the New York Restaurant Industry Wage Order, as well as claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or, wages. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date.

6.  **Plaintiff's Responsibility for Taxes.** Plaintiff assumes full responsibility for his respective portion of the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiff pursuant to this Agreement. Indeed, although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiff and/or any Defendant is liable for any failure by Plaintiff to pay federal,

ACTIVE 25258884v1

state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, that Plaintiff agrees to hold Defendants harmless for any such liability.

7. **Payment.**

    A. The Settlement Payment, totaling $43,000.00, shall be paid by issuing a check payable to "Cilenti & Cooper, PLLC as attorneys" within ten (10) days after the Court dismisses the Pending Action.

    B. To the extent required under applicable law, Defendants will issue an IRS Form 1099 to Cilenti & Cooper, PLLC with respect to the payment set forth in Section 7(A). Upon request, Cilenti & Cooper, PLLC will provide Defendants with a completed IRS Form W-9 within seven (7) days after any such request and the payment set forth in said section shall not be paid until Defendants receive the requested IRS forms.

8. **Neutral Reference.** In the event a prospective employer seeks a reference on behalf of Plaintiff, the Defendants agree to provide said prospective employer with a "neutral reference," which shall include an acknowledgement of a prior employment relationship between Plaintiff and the Defendants, the dates of Plaintiff's employment with the Defendants, and Plaintiffs' job position/duties while employed by the Defendants.

9. **Governing Law.** The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. The Parties agree that this Agreement may be enforced only in a court of competent jurisdiction located in New York County, New York. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Section 5, as to which all monies paid hereunder must be returned to Defendants if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

10. **Reemployment.** Plaintiff agrees to relinquish and hereby does relinquish any and all rights he may have to either directly or indirectly: (i) be employed by, (ii) be assigned to, (iii) work for, (iv) seek employment with or apply to, (v) accept employment with, or (vi) provide services in exchange for compensation in any capacity (including but not limited to as an employee, independent contractor, consultant or temporary employee) to Defendants or any of its current or future parents, subsidiaries, and affiliated entities. Plaintiff agrees that he will not seek, knowingly apply for, or knowingly accept any employment or assignment to which they have relinquished any rights. Plaintiff agrees and understands that this provision is intended to protect the Defendants from allegations of retaliation.

11. **Important Acknowledgments.** It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and

final release effected thereby. The parties represent and warrant that the Settlement Payment is fair and reasonable. The parties represent and warrant that the attorneys' fees portion of the Settlement Payment is fair and reasonable. The parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

12. **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersede and replace all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

13. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

14. **Miscellaneous.**

    A. The parties agree that if specifically asked about the status of the Pending Action or this Agreement generally, Plaintiff and Defendants agree that they or it will respond solely by stating that "The Parties' dispute has been amicably resolved."

    B. Nothing in this Agreement infringes on Plaintiff's ability to testify, assist or participate in an investigation, hearing or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law. Further, nothing in this Agreement shall prohibit Plaintiff from making truthful statements pursuant to legal process (e.g. in a deposition, under subpoena) or to any government entity or agent.

15. **Acknowledgments.** Employee acknowledges that he: (a) has carefully read this Agreement; (b) has had a reasonable period of time in which to review and consider this Agreement; (c) understands all of the terms of this Agreement; (d) has not relied upon any representation or statement, written or oral, not set forth in this Agreement; and (e) has knowingly and voluntarily executed this Agreement.

Dated: December 30, 2014
      New York, New York

**IN WITNESS WHEREOF**, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first above written.

**RAUL CAMACHO**　　　　　　　　　　**ESS-A-BAGEL INC.**

_____　　　　　**By:** _____

Dated: ~~December~~ January 5, 2014
New York, New York

**IN WITNESS WHEREOF**, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first above written.

| **RAUL CAMACHO** | **ESS-A-BAGEL INC.** |
|---|---|
| _____ | By: _____ |

-5-